UNITED STATES of America, ex rel. Hayden C. JONES, Jr.

v.

COMMONWEALTH OF PENNSYL-VANIA, Respondent.

Civ. No. 63–357.

United States District Court
W. D. Pennsylvania.

June 24, 1963.

Hayden C. Jones, Jr., in pro. per.

Louis Abromson, Asst. Dist. Atty., Pittsburgh, Pa., Attorney General of Pennsylvania, Harrisburg, Pa., for Commonwealth of Pennsylvania.

MARSH, District Judge.

The relator, Hayden C. Jones, Jr., filed his petition for "Removal of Cause from State Court" in forma pauperis, alleging that he is illegally incarcerated in the State Correctional Institution at Pittsburgh by virtue of illegal sentences imposed by the criminal court of Allegheny County, Pennsylvania, at Nos. 167, 168, 413, 414, 415, 416 March Term, 1949.

Accompanying this pleading is a "Petition for Writ of Habeas Corpus" directed to the Court of Common Pleas of Allegheny County, Pennsylvania, which was executed and sworn to by relator on April 23, 1963. We gather from the petition for removal that a similar petition for the writ of habeas corpus was presented to the Court of Common Pleas on May 23, 1962, which was not acted upon by said Court.

A rule was issued on the Commonwealth to show cause why the petition for removal should not be granted.

An answer was filed by the District Attorney of Allegheny County, in which he admits that a petition for a writ of habeas corpus was forwarded to the Court of Common Pleas on May 23, 1962, which was not filed or acted upon by that Court because it raised questions which had twice before been adjudicated against relator, viz.: at No. 247 January Term, 1950, being a petition for writ of habeas corpus, and at Nos. 167, 168, 407 to 417, inclusive, March Sessions, 1949, being a petition for writ of coram nobis.[1]

On June 4, 1963, relator filed a "Petition for Traverse to the Answer of the District Attorney".

A hearing was held on the rule at which the State Court records at No. 247

1. The respondent averred that relator had offered numerous petitions for the writ in the Court of Common Pleas of Allegheny County, in the United States District Court for the Western District of Pennsylvania, in the Court of Common Pleas of Dauphin County, besides two petitions for coram nobis and two motions in arrest of judgment, had demanded a Grand Jury investigation, and had brought civil actions against two judges of the Court of Common Pleas and a Captain of the Police Department, all of which were dismissed. At Misc. No. 2732 in this court, Judge Willson counted 12 prior petitions for the writ or other relief. See addendum attached to his opinion filed July 20, 1961. Since then relator has filed 6 other petitions, four of them being filed at Misc. No. 3018. All were denied. An examination of the records in this court disclose that the hours of judicial manpower consumed has been enormous, to say nothing of the harassment to which the hard-pressed Court of Common Pleas of Allegheny County has been subjected.

January Term, 1950, and at Nos. 167, 168, and 407 to 417, inclusive, March Sessions, 1949, were produced by the respondent and admitted in evidence. Also a certified copy of Rule No. 1 of the criminal courts of Allegheny County, Pennsylvania, was offered and admitted in evidence as Commonwealth Exhibit 1.[2]

Because it appears that the State Court has neither filed nor acted on the petition for the writ forwarded to it on May 23, 1962, we assume, without deciding, that relator has exhausted his state remedies as to that petition. Therefore, we will grant the prayer of the petition for removal and will treat the accompanying petition for a writ of habeas corpus as if it were filed in this court.

Upon due consideration thereof, it is the opinion of this court that the petition for the writ should be denied.

The State Court records sustain the averments in the answer that the questions raised in the petition for the writ have been adjudicated against the relator twice before in the State Court, from which adjudication no appeal has been taken.

Since these questions have not heretofore been adjudicated by this court, we will consider them on the merits.[3]

The petition for the writ alleges that the relator was first sentenced on June 8, 1949, at the numbers and terms above mentioned and immediately began serving his sentences. On June 13, 1949, the relator was returned to court from the penitentiary, at which time the sentencing judge reduced the sentences at Nos. 168 and 415 and increased the sentences at Nos. 167, 413, 414, and 416, the sentences to run consecutively. The previous sentences had provided for a total maximum period of 25 years and a minimum period of 15 years.[4] The new sentences provided for a total maximum period of 30 years and a minimum of 15 years. The new sentences conformed with the law. 19 Purdon's Pa.Stat.Ann. § 1057. There is no contention that any particular sentence exceeded the legal maximum provided by law.

In Commonwealth ex rel. Gaynor v. Maroney, 199 Pa.Super. 81, 184 A.2d 409, the Superior Court affirmed the principle that has long been in effect in Pennsylvania which is that the Court which imposed the sentence has the power to reconsider the original sentence and change it so long as the change is made during the same term of Court and it is of no consequence that this petitioner had served five days of his original sentence. On pages 83–84 of 199 Pa.Super., on page 410 of 184 A.2d the Court held:

"It was within the power of the lower court to reconsider the original sentences it had imposed and to either reduce or increase them in penalty or severity so long as the term during which the original sentence was imposed had not expired. Commonwealth ex rel. Paylor v. Cavell, 185 Pa.Super. 176, 138 A.2d 246, cert. den. 358 U.S. 854, 79 S.Ct. 84, 3 L.Ed.2d 88. This included the power to impose a sentence upon a charge as to which sentence had theretofore been suspended. 11 P.L.E. Criminal Law § 645.

"Appellant contends, however, that this power terminated upon his commitment on and the commence-

2. Rule 1, inter alia, provides that "June Term shall begin on the first Monday of June and continue to the Tuesday following the first Monday of September in each year." This rule was in effect from the first Monday of January, 1940 until July 1, 1954.

3. In only one of relator's numerous petitions in this court were similar questions raised, i. e., in one of the petitions filed at Misc. No. 3018 on August 22, 1962.

This petition was dismissed by Judge Rosenberg because relator had not exhausted his state remedies.

4. Relator alleges in his petition that the previous sentences provided for a total maximum period of 25 years and a minimum of 15 years. The certification of the Clerk of the State Court, which we called for, shows the total of the original sentences to be a minimum of 15 years and a maximum of 20 years.

ment of his original sentences, regardless of the term of court having ended or not; and alleges that before he was resentenced he had been committed and had served part of the term under the original sentence. His statement of law appears to be the general rule, 15 Am.Jur., Criminal Law, §§ 473, 474, although the question as to when a commitment begins creates differences in its application. However, in the absence of a brief from the prosecution, and any other information to the contrary, we may reasonably assume that appellant's statement is correct and that he had been serving his original sentences in the Delaware County Prison for thirty days before he was resentenced.

"As we review our decisions under Pennsylvania law, the time of commitment or the fact that part of the original sentence had been served is immaterial. The general rule in Pennsylvania is that the power of the court to alter its sentences continues throughout the term so long as they have not been fully executed. Commonwealth ex rel. Berry v. Tees, 177 Pa.Super. 126, 110 A.2d 794."

■ It is clear from the State Court Rule No. 1, quoted at footnote 2, that relator's sentences were increased during the June Term, which was the same term at which he was originally sentenced. The fact that he began serving his sentences in the interim is immaterial. See also, Commonwealth ex rel. Holly v. Ashe, 368 Pa. 211, 82 A.2d 244.

It thus appears that the new sentences were legally imposed under the law of Pennsylvania. We hold that none of the relator's federal constitutional rights have been violated, and that he has been accorded due process and equal protection of the laws by the State criminal court. The allegations that relator has been subjected to double punishment and has been twice put in jeopardy are without substance and are frivolous.