**Kenneth Vance SMITH, II, Petitioner,**

**v.**

**UNITED STATES of America, Respondent.**

**Civ. A. No. 17115-3.**

United States District Court

W. D. Missouri, W. D.

Nov. 26, 1968.

---

Kenneth Vance Smith, II, pro se.

ORDER GRANTING LEAVE TO PRO-
CEED IN FORMA PAUPERIS
AND DISMISSING PETITION-
ER'S MOTION UNDER RULE 35
WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a federal convict presently confined in the United States Penitentiary at Leavenworth, Kansas, petitions for leave to proceed in forma pauperis and to have corrected under Rule 35, Federal Rules of Criminal Procedure, the sentence which he is currently serving. Leave to proceed in forma pauperis will be granted.

Petitioner states that he plead guilty in 1965 in this Court to a charge of interstate transportation of forged securities; that subsequently on September 16, 1965, he was committed by this Court to the custody of the Attorney General for a maximum period of ten years under Section 4208(b), Title 18, U.S.C., for the purpose of allowing the court to obtain more detailed information as a basis for determining sentence; that thereafter on December 13, 1965, he was placed by this Court on probation for a period of two years and six months; that on April 25, 1968, his probation was revoked by this Court and petitioner was again committed to the custody of the Attorney General for a maximum period of ten years under Section 4208(b), Title 18, U.S.C.; that thereafter his sentence was reduced and that on July 26, 1968, he was sentenced to a term of five years' imprisonment; that it was then further adjudged that he become eligible for parole at such time as the Board of Parole might determine in accordance with Section 4208 (a) (2), Title 18, U.S.C.; that petitioner did not appeal the conviction or imposition of sentence; that he was represented by counsel at his arraignment and

plea, at his placement on probation, at his parole revocation hearing, and at his sentencing; and that he has filed no previous petitions for habeas corpus, motions under Section 2255, Title 28, U.S.C., or any other applications, petitions or motions with respect to this conviction.

Petitioner states as grounds for relief under Rule 35 that the sentence of 5 years' imprisonment imposed on July 26, 1968, was an excessive sentence in that it was for a longer period of time than the probationary period of two years and six months specified on December 13, 1965; and that by virtue of these same facts, petitioner was placed twice in jeopardy for the same offense.

From the files and records in United States of America v. Kenneth Vance Smith, No. 22072, it appears conclusively that when petitioner was placed on probation for a period of two and one-half (2½) years on December 13, 1965, imposition of final sentence was suspended by this Court. Subsequently, when petitioner was found to have violated the terms of his probation and as a result thereof probation was revoked, a final sentence of five years' imprisonment was imposed upon the petitioner.

■ No question of the timeliness of the present motion is presented because petitioner contends the sentence was illegal. An illegal sentence can be corrected at any time. Egan v. United States (C.A.8, 1959) 268 F.2d 820; Green v. United States (C.A.1, 1960) 274 F.2d 59; United States ex rel. Grabina v. Krimsky (So.D.N.Y., 1962) 207 F.Supp. 208; Vaughn v. United States (C.A.7, 1966) 359 F.2d 809.

The sentence here imposed was less than the maximum authorized in the terms of the statute under which it was imposed. Petitioner was convicted under Section 2314, Title 18, U.S.C., transportation of stolen goods, securities, monies, or articles used in counterfeiting which provides for a fine of not more than $10,000 or imprisonment of not more than ten years or both.

■■ The earlier suspension of imposition of the sentence did not divest the court of jurisdiction to impose a sentence authorized by statute at a later time. Miller v. Aderhold, 288 U.S. 206, 53 S.Ct. 325, 77 L.Ed. 702. Section 3653, Title 18, U.S.C., moreover provides that after arrest of a probationer:

"As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, *and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.*" (Emphasis supplied)

As much as ten years might originally have been imposed. Five years were imposed here. Therefore, petitioner's contention that the sentence was excessive is without merit.

■■ Petitioner claims to have been placed twice in jeopardy for the same offense by virtue of the fact that the final sentence of five years' imprisonment is in excess of his probationary period of two and one-half years. The general rule is that "It is not within the power of the court to *increase* a sentence when punishment has already been partly suffered under the original sentence." (Emphasis added) Crowe v. United States (C.A.6, 1952) 200 F.2d 526; Frankel v. United States (C.A.6, 1942) 131 F.2d 756. In the case of petitioner, however, no punishment had been suffered under any lesser previous sentence for the same offense when the original and final sentence was imposed on July 26, 1968. The original sentence was for the maximum of 10 years under Section 4208(b), Title 18, U.S.C. That sentence was vacated and the defendant placed on probation under Section 4208(b).

To support his claim of double jeopardy, petitioner cites the case of Thomas v. United States (C.A.10, 1964) 327 F.2d 795, cert. den. 377 U.S. 1000, 84 S.Ct.

1936, 12 L.Ed.2d 1051, in which a petitioner for habeas corpus who had served six months in custody under a five-year sentence under Section 3651, Title 18, U.S.C., providing for suspension of execution of the remaining 4½ years of the sentence. The defendant was placed on probation for 4½ years to begin after the service of six months of the sentence. After 19½ months on probation the petitioner violated the terms of probation which after hearing was revoked. Upon revocation of probation, petitioner was required to serve the remaining 4½ years of the original sentence without credit for the period spent on probation. That case does not support petitioner's contentions. In fact it supports the sentence which he here attacks, because the remaining 9½ years sentence which might have been imposed upon the revocation of probation is greater than the five-year sentence actually given plus the time petitioner spent on probation. Petitioner also cites the cases of Williams v. United States (C.A.7, 1962) 310 F.2d 696; United States v. Walker (C.A.4, 1965) 346 F.2d 428; and Fox v. United States (C.A.10, 1965) 354 F.2d 752, but those cases are equally inapposite. *Williams* and *Walker, supra,* are cases where the sentence imposed upon revocation of probation exceeded an original sentence. In *Fox, supra,* a petitioner's probation and sentence were made to extend beyond the maximum allowed by statute for the offense which he committed. In support of the conclusion reached in this case, see also Roberts v. United States, 320 U. S. 264, 64 S.Ct. 113, 88 L.Ed. 41, reversing (C.A.5, 1943) 131 F.2d 392; Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393; Mason v. Zerbst (C. A.10, 1935) 74 F.2d 920; Petersen v. Dunbar (C.A.9, 1966) 355 F.2d 800.

For the foregoing reasons, it is

Ordered that petitioner herein be, and he hereby is, granted leave to proceed in forma pauperis. It is further

Ordered that the petition herein to reduce sentence under Rule 35 of the Federal Rules of Criminal Procedure be, and it hereby is, dismissed without prejudice.