324 So.2d 297

**Theodore JOHNSON**

v.

**STATE.**

**6 Div. 884.**

Court of Criminal Appeals of Alabama.

July 29, 1975.

Ralph C. Burroughs, Public Defender, Joel R. Chandler, Asst. Public Defender, Tuscaloosa, for appellant.

William J. Baxley, Atty. Gen., and Jack A. Blumenfeld, Asst. Atty. Gen., for the State, appellee.

BOOKOUT, Judge.

Second degree murder: sentence, thirty years imprisonment.

The record shows the appellant to have been eighteen years of age at the time of trial and seventeen years of age at the

time of the offense. He was indicted on a charge of first degree murder on August 28, 1974, and tried, found guilty of second degree murder and sentenced on January 17, 1975. The record does not reflect that the trial court called to his attention the provisions of the Youthful Offender Act (Title 15, § 266(1)–(6), Code of Alabama 1940, Recompiled 1958).

The question was presented squarely to the Supreme Court of Alabama as to whether it is mandatory for the trial court to call the Youthful Offender Act to the attention of the defendant. The Supreme Court held that such was mandatory. *Clemmons v. State,* 1975, 294 Ala. 746, 321 So.2d 238.

To quote the Alabama Supreme Court:

"In the present case, the defendant has been tried by a jury and found guilty. He has been sentenced to the penitentiary. He was never apprised of the fact that he might be treated as a youthful offender under the statute. Therefore, on remand, the trial court should bring the defendant before it, should inform him of the provisions of the Youthful Offender Act, and that, if he desires, he may consent to an investigation and examination. If the defendant does not consent to the investigation, the judgment of conviction stands. If he does consent, the trial judge should initiate such investigation as he deems necessary. Upon completion of the investigation, he should then proceed to examine the defendant. If, in his discretion, he determines that the defendant is entitled to youthful offender treatment, the sentence imposed in the murder case should be set aside, and the defendant should be afforded youthful offender treatment under the provisions of the statute. If, after the investigation and examination, the court determines that the defendant is not entitled to youthful offender treatment, the judgment of conviction and the sentence imposed stand.

"If, by reason of failure of the defendant to consent to the investigation and examination, or by reason of the trial court's finding, after such investigation and examination, that he is not entitled to youthful offender treatment, the defendant has the right to renew his appeal in the Court of Criminal Appeals, which has retained jurisdiction of the cause, for a decision on the points not heretofore reviewed in that court on the original appeal." (Footnotes omitted.)

This cause is hereby remanded to the trial court for proceedings in conformity with the above instructions.

Remanded with directions.

TYSON, HARRIS and DeCARLO, JJ., and SIMMONS, Supernumerary Circuit Judge, concur.

CATES, P. J., not sitting.