331 So.2d 414
**Autry EAST**
v.
**STATE.**

**William Anthony COFIELD**
v.
**STATE.**

**8 Div. 793, 794.**

Court of Criminal Appeals of Alabama.
March 16, 1976.

Rehearing Denied April 20, 1976.

Carnes & Carnes, Albertville, for appellant.

William J. Baxley, Atty. Gen., and Gary R. Maxwell, Asst. Atty. Gen., for the State.

**HARRIS, Judge.**

The issues involved on appeal in these two cases are identical. Both appellants were originally charged with robbery and were represented by the same attorneys both at arraignment and trial. They both pleaded not guilty at arraignment. They both applied for Youthful Offender treatment and their cases were referred to a Probation Officer for a report and upon the filing of the probation report, each of their applications to be treated as Youthful Offenders was denied. The same attorneys represent them on appeal and filed separate briefs in each case, but the same authorities are cited and relied on in each case.

We think that these cases should be consolidated for consideration and disposition.

East. Case 1

This appellant was indicted for robbery. Omitting the formal parts of the indictment reads as follows:

"The Grand Jury of said County charge that before the finding of this Indictment Autry East whose name to the Grand Jury is otherwise unknown, feloniously took, to-wit: $123.00 in lawful United States money, the exact description and denomination of which is to the Grand Jury otherwise unknown, the personal property of Ellis Gilliland, from his person, or from or in his presence, and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama."

Upon arraignment appellant applied for Youthful Offender status and his application was referred to a Probation Officer for a report and after the report was filed, his application was denied on the sole ground that he was charged with robbery. Thereupon, appellant pleaded not guilty.

When the case came up for trial, appellant withdrew his not guilty plea and pleaded guilty to grand larceny. Before accepting the guilty plea, the Court in a rather lengthy colloquy with the appellant explained all of his *Boykin* rights to be certain that he knowingly, voluntarily and intelligently waived them. The Court ascertained that appellant had reached his decision with the advice of his attorney and that the guilty plea was made voluntarily and that he was in fact guilty of grand larceny, a lesser included offense of the robbery indictment. The Court then accepted appellant's guilty plea, and, after allocutus, sentenced him to seven years imprisonment in the penitentiary.

After his conviction and sentence for the offense of grand larceny, appellant filed another motion for Youthful Offender status and the Court made the following order:

"ORDER

"The foregoing motion being presented to the Court and in view of the fact that the Defendant requested Youthful Offender status at arraignment which request was denied after hearing and in further view of the fact that the statute providing for Youthful Offender status does not authorize a motion to be filed after conviction, the Court is of the opinion that this motion should be denied without hearing.

"It is therefore considered, ordered and adjudged that said motion be and hereby is denied.

"Done this 3rd day of December, 1975.

/s/ Clark Johnson
CIRCUIT JUDGE"

Appellant then gave a written notice of appeal to this Court, "from the judgment

rendered against him in this cause and from the orders of the Court herein denying him Youthful Offender status and denying him a hearing on his post-conviction motion for Youthful Offender status."

We have again carefully read the Youthful Offender Act, Title 15, Section 266(1) et seq., Code of Alabama 1940 (Supplement), and we do not find a provision for a second or successive applications for treatment as a Youthful Offender after the Court has, in his discretion, denied the first application.

Section 266(1), supra, provides, in pertinent part,

". . . After such investigation and examination, the court *in its discretion* may direct that the defendant be arraigned as a youthful offender, . . . or the court may decide that the defendant shall not be arraigned as a youthful offender . . ." (Emphasis supplied).

In *Morgan v. State,* 291 Ala. 764, 287 So.2d 914, held that after investigation and examination, it is within the *discretion* of the trial judge whether the youth shall be tried as a Youthful Offender.

In *Clemmons v. State* Ala., 321 So.2d 238, the Supreme Court said:

"The court would naturally consider such matters as the nature of the crime charged, prior convictions, or absence thereof—all of which can be ascertained without a lengthy, time consuming investigation by the probation officer."

Further—

"However, our statute requires that the determination to grant or refuse youthful offender treatment be made at a point near the commencement of the criminal action, *and before entry of a plea.*" (Emphasis supplied.).

Appellant pleaded guilty to grand larceny and then reapplied for Youthful Offender treatment. As we read *Clemmons,* supra, such procedure is not justified or authorized.

We find no error to reverse in this case and the judgment of conviction is affirmed.

Affirmed.

Cofield. Case 2.

Cofield was indicted for robbing the same victim that East was indicted for robbing.

The same procedure was followed in Cofield's case as that in East with one exception. The Probation Officer reported to the Court that Cofield had another robbery charge pending against him in Etowah County.

Cofield withdrew his not guilty plea to the robbery indictment and pleaded guilty to grand larceny. He, too, was sentenced to seven years imprisonment in the penitentiary.

Cofield relied on the same argument that East made and cited the same authorities.

What we said in *East* applies equally to *Cofield* and this case is affirmed on authority of *East.*

AFFIRMED.

All the Judges concur.