COBB, Judge.
Jack Till Gaines’s probation was revoked. At the conclusion of the revocation proceedings, the trial court resentenced Gaines to a more severe punishment than that originally imposed. Gaines appeals from the trial court’s order imposing a more severe sentence.
Gaines was originally sentenced to three years in the penitentiary. This sentence was suspended and Gaines was ordered to serve three years on supervised probation. The trial court, after determining that Gaines had violated the conditions of his probation, sentenced him to five years in the penitentiary. This sentence was split, and he was ordered to serve two years in the penitentiary, followed by four years on supervised probation. “The general rule is that ‘it is not within the power of the court to increase a sentence when punishment has already been suffered under the original sentence.’ ” Brown v. State, 376 So.2d 1382 (Ala.Cr.App.1979) (citations omitted).
The State of Alabama has filed a motion asking us to remand the case, stating that the trial court had inadvertently increased Gaines’s sentence after revoking his probation. The State suggested that the trial court might have jurisdiction to correct the sentence under Rule 29, Ala.R.Crim.P., but requested that we remand the case to preter-mit any possible jurisdictional questions.
This case is remanded for proper sentencing consistent with this opinion. Remand should be made to this court within 49 days from, release of this opinion.
REMANDED WITH INSTRUCTIONS AS TO SENTENCING. 
All the Judges concur.