PER CURIAM.
The district attorney for the Fifteenth Judicial Circuit filed this petition for a writ of mandamus directing Judge Eugene Reese to set aside his order granting A. J.’s application for treatment as a youthful offender under the Youthful Offender Act (“the YOA”).
In May 2002, A.J. was indicted for robbery in the first degree. He applied for youthful-offender treatment; his request was denied. A.J. then pleaded guilty, as an adult, to robbery in the second degree. He was sentenced on September 18, 2002, to five years’ imprisonment. That sentence was split and he was ordered to serve the first 180 days in a state boot camp facility. On September 26, 2002, A.J. moved to have his sentence amended. That motion was denied. In early 2003, A.J. completed his sentence in boot camp and began to serve the probationary period of his split sentence. In April 2003, A.J. moved that Judge Reese reconsider his application for youthful-offender treatment. Judge Reese granted A. J.’s motion to reconsider. The district attorney moved that Judge Reese reconsider his ruling on A. J.’s motion. That motion was denied; this petition followed.
The district attorney argues that Judge Reese had no jurisdiction to reconsider the youthful-offender request, which was filed months after A.J. had been sentenced and indeed after he had served the incarceration period of his split sentence. The district attorney contends that youthful-offender status must be either granted or denied at a point near the commencement of the proceedings. He cites East v. State, 57 Ala.App. 658, 331 So.2d 414 (Grim. 1976), in support of his contention.
A.J. contends that the sentence imposed in September 2002 was not final because in imposing the sentence Judge Reese stated that he retained jurisdiction over the sentence. A.J. argues: “The Court technically delayed pronouncement of [A.J.’s] final judgment when it retained jurisdiction to reconsider his application for youthful of *637 fender status.” (Respondent’s answer at p. 10.)
Initially, we note that a petition for a writ of mandamus has been used to seek review of an unlawful sentence. See Smith v. State, 447 So.2d 1334 (Ala.1984). This extraordinary writ has been used to seek review of whether a trial court has improperly granted youthful-offender status when the accused was ineligible because of his age. See State v. R.R.A., 842 So.2d 42 (Ala.Crim.App.2002).
As a general rule, a trial court retains jurisdiction to modify a sentence for only 30 days after the sentence is imposed. See Jolly v. State, 689 So.2d 986 (Ala.Crim. App.1996), and Rule 24.4, Aia.R.Crim.P. See also Gaines v. State, 703 So.2d 1023, 1023 (Ala.Crim.App.1997) (“ ‘[t]he general rule is that “it is not within the power of the court to increase a sentence when punishment has already been suffered under the original sentence,” ’ ” quoting Brown v. State, 376 So.2d 1382, 1385 (Ala.Crim.App.1979)). Cf. State v. Green, 436 So.2d 803 (Ala.1983) (a trial court may grant probation any time before the execution of the sentence has begun).
A trial court also retains limited jurisdiction if the sentence is imposed pursuant to the Split Sentence Act. According to § 15-18 — 8(c), Ala.Code 1975, a part of the Split Sentence Act, a court retains jurisdiction of a split sentence until the incarceration period of the sentence has been completed. “Regardless of whether the defendant has begun serving the minimum period of confinement ordered under the provisions of subsection (a), the court shall retain jurisdiction and authority throughout said period to suspend that portion of the minimum sentence that remains and place the defendant on probation.... ” Section 15-18-8(c).
Alabama caselaw supports the issuance of this writ. See East v. State, 57 Ala.App. 658, 331 So.2d 414 (Crim.1976), and Clemmons v. State, 294 Ala. 746, 321 So.2d 238 (1975). The facts presented in this case are very similar to those presented in East. In East the defendants were indicted for robbery. At arraignment, they applied for treatment as youthful offenders. Their applications were denied. The defendants subsequently pleaded guilty and after they were sentenced reapplied for treatment under the YOA. The trial court denied the motion without a hearing, stating that the YOA did not authorize an application for youthful-offender treatment after conviction. This Court, affirming the lower court’s order, stated:
“We have again carefully read the Youthful Offender Act, Title 15, Section 266(1) et seq., Code of Alabama 1940 (Supplement) [now codified at § 15-19-1 et seq., Ala.Code 1975], and we do not find a provision for a second or successive applications for treatment as a Youthful Offender after the Court has, in his discretion, denied the first application.
“In Clemmons v. State,- Ala., [294 Ala. 746,] 321 So.2d 238 [(1975)], the Supreme Court said:
“ ‘The court would naturally consider such matters as the nature of the crime charged, prior convictions, or absence thereof — all of which can be ascertained without a lengthy, time consuming investigation by the probation officer.
“ ‘Further'—
“‘However, our statute requires that the determination to grant or refuse youthful offender treatment be made at a point near the commencement of the criminal action, and before entry of a plea. ’ (Emphasis supplied.).
“Appellant pleaded guilty to grand larceny and then reapplied for Youthful *638 Offender treatment. As we read Clem-mons, supra, such procedure is not justified or authorized.”
331 So.2d at 415-16. In Clemmons, the Alabama Supreme Court stated, “Our statute requires that the determination to grant or refuse youthful offender treatment be made at a point near the commencement of the criminal action, and before entry of a plea.” 294 Ala. at 749, 321 So.2d at 242.
We find support for the above holdings in the wording of the YOA. See § 15-19-1 et seq., Ala Code 1975. The YOA provides that the proceedings for youthful offender are separate from adult proceedings, that there is no jury if the youthful offender does not plead guilty, that the records are not open to the public, and a determination under the YOA is not a conviction. See §§ 15-19-3, 15-19-4, and 15-19-7, Ala. Code 1975. Here, the safeguards of the YOA were rendered obsolete because A.J. had already pleaded guilty as an adult and was sentenced as an adult — proceedings that were all matters of public record.
A.J. also argues that caselaw allows a trial court to grant youthful-offender status retroactively. However, the cases A.J. cites involve instances in which a trial court failed to notify a defendant of his eligibility for treatment as a youthful offender and this Court directed the lower court to follow the proper procedures. One such case was Prince v. State, 392 So.2d 853 (Ala.Crim.App.1980). In Prince we stated:
“The usual procedure mandated by the Youthful Offender Act is that the court advise the youthful offender of the existence and advantages of the Act before any trial has begun, thus allowing the offender the option of whether to incur the background investigation, or proceed with a trial by jury. § 15-19-1, et seq., Code of Alabama 1975; Clemmons v. State, 294 Ala. 746, 321 So.2d 238 (1975); Johnson v. State, 56 Ala.App. 582, 324 So.2d 297, cert. denied, 295 Ala. 407, 324 So.2d 305 (1975). But where this has not been done, and the offender has proceeded to trial and been found guilty by a jury, a complete reversal has not been mandated by our appellate courts; instead, the cause is remanded to the trial court so that the proper procedures might be implemented.”
392 So.2d at 855-56. This is not the situation in this case. The Alabama Supreme Court has specifically held that the YOA is not to be applied retroactively. See Morgan v. State, 291 Ala. 764, 287 So.2d 914 (1973). See also Norris v. State, 429 So.2d 649 (Ala.Crim.App.1982).
Also, according to the Split Sentence Act, Judge Reese did not have jurisdiction to modify AJ.’s sentence after he had served the incarceration portion of his sentence. See § 15-18-8(c). As we stated in Davis v. State, 644 So.2d 44 (Ala.Crim.App.1994):
“On May 18, 1993, more than 30 days after his probation revocation, Davis filed an untimely motion for modification of his sentence; the trial court denied the motion. Because Davis had already served the minimum period of confinement, the trial court was without jurisdiction to consider the untimely motion for modification; therefore the order denying the motion was void and unappealable. § 15-18-8(c), Code of Alabama 1975. See also Massey v. State, 587 So.2d 448 (Ala.Crim.App.1991) (trial court loses all jurisdiction to modify sentence if the request to modify a sentence is not filed within 30 days of sentencing).”
644 So.2d at 44.
Based on established law, the trial court had no jurisdiction to grant youthful-offender status in this case after A.J. had *639 pleaded guilty and after he had served a portion of his sentence. The district attorney has established the prerequisites for the issuance of this writ. Judge Reese is directed to vacate his order granting A. J.’s application for youthful-offender treatment.
PETITION GRANTED; WRIT ISSUED.
McMillan, p.j., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.