This appeal arises out of a suit to set aside conveyances of real estate that were allegedly made to defraud a judgment creditor. The judgment creditor, Sadie Vess Bradford, is the widow of a crime victim. She received a $225,000 judgment against the defendant/debtor, Dillard Roy Hill, under the Restitution to Victims of Crimes Act, Ala. Code 1975, § 15-18-65
et seq. Mrs. Bradford filed suit to set aside conveyances Hill made to his daughter and to his son's corporation. Hill filed a counterclaim seeking to set aside the restitution judgment entered in Mrs. Bradford's favor. The trial court held that the real estate had not been fraudulently conveyed, and that the restitution judgment previously entered against Hill and in favor of Mrs. Bradford was valid. The defendant has appealed from the trial court's ruling on his counterclaim.
On May 30, 1980, the defendant, Dillard Roy Hill, shot and killed Rayburn Vess. On June 25, 1980, Hill conveyed one parcel of real estate to his daughter, Jeweldeen Hall, and two parcels of real estate to H. L., Inc., a corporation in which his son, Willard Hill, had a controlling interest. According *Page 209 
to the testimony at trial, Hill received $4,600 from his daughter as consideration for the conveyance to her, and, according to that testimony, in exchange for the property his son paid $8,500 in cash to the defendant and extinguished a $6,500 debt that the defendant owed him. Hill testified that he conveyed the real estate because he needed money to pay his defense attorneys.
Following a conviction of manslaughter, an appeal, a reversal of the conviction, and a new trial, Hill was again convicted of manslaughter on May 20, 1981, in the Circuit Court of Lawrence County. On May 26, 1981, Hill was sentenced to a 10-year term of imprisonment and was fined $5,000. The Court of Criminal Appeals affirmed the judgment and sentence on June 8, 1982, and on June 28, 1982, Hill began serving his sentence of imprisonment. On August 5, 1982, the district attorney of Lawrence County filed a petition on behalf of Sadie Vess,[1] the victim's widow, for compensation under Ala. Code 1975, §15-18-67, which provides:
 "When a defendant is convicted of a criminal activity or conduct which has resulted in pecuniary damages or loss to a victim, the court shall hold a hearing to determine the amount or type of restitution due the victim or victims of such defendant's criminal acts. Such restitution hearings shall be held as a matter of course and in addition to any other sentence which it may impose, the court shall order that the defendant make restitution or otherwise compensate such victim for any pecuniary damages. The defendant, the victim or victims, or their representatives or the administrator of any victim's estate as well as the district attorney shall have the right to be present and be heard upon the issue of restitution at any such hearings."
(See also Temp. Rule 10, A.R.Crim.P.) This statute became effective on May 28, 1980, two days before Vess's death.
A hearing on the petition was held on August 17, 1982. Hill requested that an attorney be appointed to represent him at the hearing, but the trial judge denied the request, stating that he did not think Hill was entitled to have a lawyer appointed because his guilt had already been established. On August 23, 1982, following the hearing, the trial court entered a written order that required Hill to pay $225,000 restitution to Sadie Vess Bradford. Hill filed no post-judgment motions in this matter, and he did not appeal.
On July 2, 1986, Sadie Vess Bradford filed a suit in Lawrence County to set aside the conveyances Hill had made to his daughter and to H. L. Inc., on the ground that Hill's purpose in conveying the property was to defraud her and to hinder her efforts to collect the restitution judgment. Hill denied the allegations of the complaint and pleaded as affirmative defenses that the circuit court had acted without jurisdiction when it awarded the judgment for restitution, and that the restitution award was invalid because legal counsel was not appointed for him at the hearing and this failure to appoint counsel amounted to a denial of due process.
On March 31, 1988, Jeweldeen Hall sold the property she had received from her father in 1980 to Clayton and Ann Patrick. Upon a motion filed by the Patricks on September 19, 1988, they were permitted to intervene in the fraudulent conveyance suit to protect their interests in the property. The Patricks filed a motion requesting the court to add Jeweldeen Hall as a party defendant, and the court granted the motion on October 5, 1988.
On November 7, 1988, Hill filed a counterclaim against Bradford. Hill claimed that the restitution judgment entered against him was void and unenforceable because, he argued: (1) the court had lost jurisdiction over the matter before the restitution hearing was held; (2) his constitutional rights were violated because he did not receive assistance of counsel at the hearing; and (3) the statute does not provide for damages in this cause. He requested that the judgment against him and in favor of Bradford be set aside. *Page 210 
At the hearing on the merits of the fraudulent conveyance case, Bradford testified that no part of the $225,000 judgment had been paid. The defendants testified about the conveyances, and Hill stated that he had used the money he had received from his children to pay his attorney fees in the prior criminal proceedings. The transcript of the restitution hearing, in which Hill's request for counsel was made and denied, was admitted into evidence. The trial court held that Bradford had failed to prove that Hill's conveyances to Hall and to H. L. Inc., were made fraudulently and with the intent to prevent Bradford from recovering restitution. The court also determined that the restitution order entered against Hill on August 23, 1982, was valid, and that the record of the restitution proceeding did not reflect that Hill was prejudiced by the absence of counsel. Hill now appeals from the trial court's ruling on the counterclaim he filed against Bradford.
Hill raises two issues, both relating to the restitution judgment entered against him on August 23, 1982, following the hearing on the State's petition. He argues, first, that the judgment was void because, he says, the trial court had lost jurisdiction to enter the order 30 days after his sentence of imprisonment was imposed. We do not agree that the trial court lost jurisdiction to enter this restitution judgment 30 days after Hill was sentenced to a term of imprisonment, because the restitution statute makes it clear that restitution hearings are to be held as a matter of course and that restitution may be ordered in addition to any other sentence imposed and does not require that a restitution hearing be held within 30 days of the imposition of a sentence of imprisonment or other criminal sanctions. Under the facts of this case, the hearing was timely and did not violate the United States Constitution.Barker v. Wingo, 407 U.S. 514, 521, 92 S.Ct. 2182, 2187,33 L.Ed.2d 101 (1972).
The Sixth Amendment to the United States Constitution guarantees defendants the right to counsel in all criminal prosecutions. U.S. Const. Amend. VI. See also Ala. Const. art. I, § 6. Appointment of counsel for an indigent defendant is required at every stage of a criminal proceeding where substantial rights of the accused may be affected. Hamilton v.Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). Sentencing is regarded as a critical stage, and an indigent defendant is entitled to the assistance of appointed counsel unless he waives that right. See Mempa v. Rhay, 389 U.S. 128,88 S.Ct. 254, 19 L.Ed.2d 336 (1967); Shellnut v. State,280 Ala. 28, 189 So.2d 590 (1966).
Restitution hearings held pursuant to Ala. Code 1975, §15-18-67, are a component of the criminal sentencing proceeding; therefore, defendants have the right to the presence of counsel at these hearings. See Williams v. State,506 So.2d 368 (Ala.Cr.App. 1986), cert. denied, 506 So.2d 372
(Ala. 1987) (trial court not authorized to order restitution in the absence of the defendant and his attorney unless the right to counsel is waived).
Because Hill was not afforded a lawyer at the restitution hearing, we reverse the trial court's judgment refusing to set aside the restitution judgment against Hill and we remand the cause.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[1] Sadie Vess has remarried and is now known as Sadie Vess Bradford.