The appellant, Watson L. Jolly, pleaded guilty on September 14, 1993, to the offense of leaving the scene of an accident. On that same date, he was sentenced to three years' imprisonment. That sentence was suspended, and he was placed on three years' probation. According to the probation docket in the record he was fined $250 but no restitution was ordered. Jolly did not appeal from this conviction and sentence.
On August 17, 1995, approximately 23 months after the original sentence was imposed, the state filed a motion with the trial court, seeking restitution in the amount of $1,222.26. Attached to the motion were medical bills from a Dothan hospital for services allegedly rendered to the victim from September *Page 987 
1, 1992, to September 30, 1992, approximately one year before the appellant's original sentencing. This motion was granted without a hearing on August 24, 1995, and notice was sent to the appellant's attorney that the appellant had 10 days to object. On August 28, 1995, the appellant's counsel filed an objection to the restitution order and filed a motion for a hearing. The hearing was set for October 16, 1995, but was later rescheduled for October 20, 1995. The record indicates that notice of all of the above actions and hearing dates was sent to the appellant's counsel.
At the October 20 hearing on the appellant's objection to the restitution order, neither the appellant nor his counsel was present, although a law clerk from counsel's office was in court to explain that the appellant's counsel was in a trial in another county and should be arriving shortly. When counsel did not arrive, the trial court took evidence regarding the restitution order and then denied the appellant's motion objecting to the restitution order. On October 25, the appellant filed a motion to reconsider or for a new trial. That motion was denied on October 26. This appeal followed on November 8, 1995.
The appellant raises three issues in this appeal: (1) Whether the trial court had jurisdiction to impose restitution approximately 23 months after the original sentence, when restitution was not part of the original sentence; (2) Whether the trial court could constitutionally order restitution in the absence of the appellant and his attorney; and (3) Whether the procedures followed in ordering restitution complied with the statutory requirement of the Restitution to Victims of Crimes Act that a hearing shall be held. See §§ 15-18-65 through -78, Code of Alabama 1975.
 I.
The appellant contends that, in the absence of a timely filed post-trial motion, the trial court was without jurisdiction to order restitution beyond 30 days from the imposition of the sentence. Although we find some merit to the appellant's argument that the trial court erred in ordering restitution 23 months after the original sentence was imposed, we are constrained to disagree with the appellant that the trial court was without jurisdiction to do so. In Hill v. Bradford,565 So.2d 208 (Ala. 1990), the Alabama Supreme Court held that a restitution order added to the defendant's 10-year sentence and $5000 fine approximately 15 months after the defendant's sentencing was not invalid for jurisdictional reasons. In Hill
restitution had not been included as part of the original sentence, but was ordered after the state filed a petition for restitution approximately 14 months after the imposition of the original sentence. The Alabama Supreme Court held:
 "We do not agree that the trial court lost jurisdiction to enter this restitution judgment 30 days after Hill was sentenced to a term of imprisonment, because the restitution statute makes it clear that restitution hearings are to be held as a matter of course and that restitution may be ordered in addition to any other sentence imposed and does not require that a restitution hearing be held within 30 days of a sentence of imprisonment or other criminal sanctions. Under the facts of this case, the hearing was timely and did not violate the United States Constitution. Barker v. Wingo, 407 U.S. 514, 521, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101 (1972)."
565 So.2d at 210. Although the Court held that the trial court did not lose jurisdiction to essentially increase a sentence by ordering restitution beyond 30 days after the imposition of the original sentence, it cited as authority for that proposition the restitution statute and Barker v. Wingo, a case dealing solely with the issue of the accused's right to a speedy trial. We recognize that the relevant restitution statute does not affirmatively state that the hearing must be held within 30 days of sentencing or that the hearing can be held outside the 30-day period.[1] *Page 988 
While we are required to follow the holding of Hill v.Bradford, we believe that it conflicts with other Alabama caselaw. In reaching that conclusion, we first note that the legislature intended for restitution to be a criminal penalty. "[I]t is clear that the Alabama legislature . . . intended that restitution be incorporated into the traditional sentencing procedure and that it be imposed as a criminal, not civil, penalty. 'Restitution is a permissible penalty imposed on the defendant as part of sentencing.' " Rice v. State,491 So.2d 1049, 1052 (Ala.Cr.App. 1986) (quoting United States v.Watchman, 749 F.2d 616, 617 (10th Cir. 1984)). Even though restitution looks somewhat like a civil penalty because restitution generally is awarded to the specific victim of the crime rather than to the state, it is still a criminal penalty. Because restitution is properly a part of the sentencing, the tardy imposition of restitution in Hill and in the present case in effect increased each appellant's respective sentence.
However, by apparently permitting the trial court to increase a legal sentence if that increase is the addition of restitution, the Hill ruling appears to contravene the constitutional principles of double jeopardy and due process. It has been held that once a legal sentence has been imposed, as opposed to when a convict has actually begun serving his sentence,[2] it cannot be increased.
 "It is more consonant, we think, with the spirit of the concept of due process of law and the prohibition of double jeopardy, to say that when a valid sentence has been imposed, deliberately and intentionally, formal allocution has been conducted, and judgment of conviction and sentence entered of record, it cannot, in the absence of fraud or another [compelling] reason . . . be so changed at any time thereafter as to increase the severity of the sentence, rather than to make a time limit thereon dependent upon the vagaries of when the sentence commences to run."
Brown v. State, 376 So.2d 1382, 1391 (Ala.Cr.App. 1979).[3] As noted in Brown, "once a valid sentence is imposed upon a defendant, the trial court loses the power" to increase that sentence. Id. at 1385 (quoting People v. Johnson, 60 Mich. App. 371, 230 N.W.2d 438 (1975)). Thus, while the Hill Court considered the question of the trial court's jurisdiction in regard only to the 30-day jurisdictional limit[4] and the issue of the right to a speedy *Page 989 
trial, the trial court was without the power to increase the sentence because of the principles double jeopardy — an issue not explicitly considered by the Hill Court.
Other jurisdictions also considered the issue of belated restitution orders. See Harris v. State, 261 Ga. 859,413 S.E.2d 439 (1992), Kaess v. State, 748 P.2d 698 (Wyo. 1987), and Grice v. State, 528 So.2d 1347 (Fla.App. 1988).
 II. III.
For the purposes of the disposition of this appeal, we will address the second and third issues raised by the appellant together: Whether the trial court erred in ordering restitution before holding a hearing pursuant § 15-18-67; and whether the trial court erred by ordering restitution in the absence of the appellant or his attorney.
The initial restitution order was improperly granted because there was no hearing before to the restitution order was issued.
 "Section 15-18-67, Code of Alabama 1975, provides that the court 'shall hold' a restitution hearing to determine pecuniary loss to a crime victim, at which time '[t]he defendant, the victim or victims, or their representatives . . . as well as the district attorney shall have the right to be present and be heard upon the issue of restitution . . . ' (emphasis added in Williams) See also Rule 10(a)(5), Ala.Cr.Crim.P.Temp. ('[Restitution] . . . shall be determined by the court from evidence presented at the sentence hearing if not stipulated by the parties.')
 "Because a defendant has the right to the presence of counsel at sentencing, Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); Ex parte Anderson, 434 So.2d 737 (Ala. 1983), the court may not proceed without counsel or a waiver of counsel. In the absence of defendant's waiver of counsel or a stipulation by the parties as to the amount of restitution, neither of which appears of record here, the trial court was not authorized by the constitution (U.S. Const. Amend VI) or by statute (Ala. Code, § 15-18-67) to order restitution in the absence of the defendant and his attorney."
Williams v. State, 506 So.2d 368, 372 (Ala.Cr.App. 1986) (emphasis original).
For this reason, this case must be remanded for a hearing consistent with the requirements of the Restitution to Victims of Crimes Act. As instructions to the trial court, we adopt the following:
 "[T]his case is remanded to the trial court with instructions that, unless the parties agree upon the amount of restitution, see Humber v. State, 481 So.2d 452, 453 (Ala.Cr.App. 1985), an evidentiary hearing shall be conducted at which the State is given the opportunity to prove, by legal evidence and by a preponderance of the evidence, the amount of restitution. The appellant, in addition to his counsel, has a right to be present at that hearing. Williams v. State, 506 So.2d 368, 372
(Ala.Cr.App. 1986), cert. denied, 506 So.2d 372
(Ala. 1987). In accordance with Rule 26.11(a), A.R.Crim.P., 'The financial resources and obligations of the defendant and the burden that payment of restitution will impose should be considered in determining how much restitution is to be paid or collected, i.e., whether to be paid by installments and what length of time should be given for payment.' The trial court shall also consider the criteria for determining restitution set out in Ala. Code 1975, § 15-18-68. At the conclusion of the hearing, the trial court shall require the appellant to state any objection he has to 'the imposition, amount or distribution of restitution or the manner or method thereof.' See § 15-18-69. The trial court shall enter a written order of restitution 'stating its findings and the underlying facts and circumstances thereof' as required by § 15-18-69. That order shall indicate compliance with § 15-18-68 and Rule 26.11, and shall state the *Page 990 
specific amount of restitution imposed and the manner of payment. See § 15-18-70."
Childers v. State, 607 So.2d 350, 353-54 (Ala.Cr.App. 1992).
The appellant raises as his third issue whether the court could order restitution in the absence of the appellant or his attorney. As noted above, holding a hearing to consider the objection to restitution was not the proper procedure for determining restitution, so whether absence of the appellant or his attorney was present at that hearing is moot. We point out though, that even if the appellant waives the right to be present at the restitution hearing, the restitution hearing may not take place in the absence of counsel for the appellant unless the record shows that the appellant made a knowing and intelligent waiver of the right to be represented by counsel or unless the parties stipulate as to the amount of restitution. The right of the appellant to be present at the sentencing hearing is a separate and distinct right from the right to be represented by counsel at that hearing and the waiver of the former does not constitute a waiver of the latter. McDonald v.State, 668 So.2d 89, 91 (Ala.Cr.App. 1995). See also Hill
565 So.2d at 210; Williams, 506 So.2d at 371-72.
REMANDED WITH INSTRUCTIONS.*
All Judges concur except COBB, J., who is not sitting.
[1] The pertinent part of § 15-18-67 provides:
 "[T]he court shall hold a hearing to determine the amount or type of restitution due the victim. . . . Such restitution hearings shall be held as a matter of course and in addition to any other sentence which it may impose, the court shall order that the defendant make restitution or otherwise compensate such victim for any pecuniary damage."
[2] For an example of a case in which the critical event was the defendant's beginning the serving of his sentence, see Harrisv. State, 261 Ga. 859, 413 S.E.2d 439, 441 (1992), wherein the Georgia Supreme Court held:
 "We have held that the sentencing court may not increase a sentence once the defendant begins serving it without violating the prohibition against double jeopardy in both the Georgia and Federal constitutions. [Citations omitted.] Since restitution is punishment when ordered as part of a criminal sentence, the trial court cannot increase the amount of restitution after the defendant begins serving a sentence absent the defendant's consent."
[3] Although not at issue in this case, we note that there are other serious questions presented by Hill: (1) Whether there isany time limit for the modification of the sentence by a later restitution order; and (2) Whether 'he payment of the subsequent restitution amount can, without running afoul of §15-22-52 and Rule 27, Ala.R.Crim.P., be included as a condition of probation. See Vandiver v. State, 401 So.2d 326, 327
(Ala.Cr.App. 1981); Markley v. State, 507 So.2d 1043, 1050
(Ala.Cr.App. 1987). We are also concerned about what impact Hill
could have on the appellate process: If a trial court has the power to increase a sentence by ordering restitution many months after the sentence has been imposed — months after the right of appeal has expired — the resulting appeal will be piecemeal. In other words, an appellant could appeal his conviction and first sentence and then many months later appeal his increased sentence. Such a process would fly in the face of the principle of the finality of judicial proceedings.
[4] We note, however, that the trial court does have limited jurisdiction in certain circumstances for 30 days. See, e.g.,Pickron v. State, 475 So.2d 599 (Ala.Cr.App. 1984), aff'd,475 So.2d 599 (Ala. 1985) (a motion to reduce a sentence like other post-trial motions must be filed, pursuant to Rule 13, A.Temp.R.Crim.P. (now Rule 24, A.R.Crim.P.), within 30 days after the date of the imposition of the original sentence or the trial court loses jurisdiction to amend the sentence);State v. Green, 436 So.2d 803 (Ala. 1983) (a trial court loses jurisdiction to reconsider a sentence for reduction where the request was not made within 30 days of sentencing or, in the event a timely motion for a new trial is made, by the date of the trial court's denial of the defendant's motion for a new trial). In this regard, we note that our rationale in Dollar v.State, 687 So.2d 207 (Ala.Cr.App. 1996), was incorrect; however, we stand by our ultimate holding in that case. Consider alsoJohnson v. State, 421 So.2d 1306 (Ala.Cr.App. 1982) (discussing the trial court's obligation and power to increase a statutorily invalid sentence). We find that in neither Hill nor in the present case was the original sentence "statutorily invalid."
* Note from the Reporter of Decisions: On December 20, 1996, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.