The district attorney for the Fifteenth Judicial District filed this petition for a writ of mandamus directing Judge Eugene W. Reese to vacate his order dismissing the State's motion to assess additional restitution against Tollie Redmon II. On August 13, 2003, Redmon pleaded guilty to two counts of assault in the second degree in exchange for the State's reducing the original charges and recommending a 10-year suspended sentence.[1]
Because at the sentencing hearing the three victims were unable to furnish documentation to support the award of restitution for their medical expenses, Judge Reese postponed the restitution hearing. On August 21, 2003, Judge Reese held a restitution hearing and assessed restitution for two of the victims in the amount of $46,263; however, he postponed awarding restitution to the third victim until that victim had undergone a surgical procedure that was scheduled for the following week.[2] On September 25, 2003, the State moved to amend the restitution order to include restitution for the third victim in the amount of $12,402.97. Judge Reese held a hearing on the motion and held that pursuant to this Court's recent decision in State v. A.J.,877 So.2d 635 (Ala.Crim.App. 2003), he was without jurisdiction to modify the restitution order because more than 30 days had elapsed since Redmon had been sentenced. This petition followed. *Page 852 
The State argues that our holding in A.J. has no application to the award of restitution by a circuit court. Redmon argues that A.J. prevents Judge Reese from amending the restitution order more than 30 days after Redmon was sentenced.
In A.J., we held that a circuit court was without jurisdiction to grant youthful offender treatment once a defendant had completed the incarceration portion of his split sentence and had begun to serve his term of probation. We did not address the question whether a circuit court may assess restitution more than 30 days after the date of sentencing. That question was not presented to this Court in A.J. Indeed, that question was answered by the Alabama Supreme Court in Hill v.Bradford, 565 So.2d 208, 210 (Ala. 1990), in which Justice Shores, writing for a unanimous court, stated:
 "We do not agree that the trial court lost jurisdiction to enter this restitution judgment 30 days after Hill was sentenced to a term of imprisonment, because the restitution statute makes it clear that restitution hearings are to be held as a matter of course and that restitution may be ordered in addition to any other sentence imposed and does not require that a restitution hearing be held within 30 days of the imposition of a sentence of imprisonment or other criminal sanctions. Under the facts of this case, the hearing was timely and did not violate the United States Constitution."
Restitution was assessed in Hill v. Bradford almost 15 months after the defendant had been sentenced.
A trial court's authority to assess restitution against a defendant who has been convicted of a criminal offense is specifically provided for in § 15-18-65 et seq., Ala. Code 1975, entitled "Restitution to Victims of Crimes." Section § 15-18-67, Ala. Code 1975, states:
 "When a defendant is convicted of a criminal activity or conduct which has resulted in pecuniary damages or loss to a victim, the court shall hold a hearing to determine the amount or type of restitution due the victim or victims of such defendant's criminal acts. Such restitution hearings shall be held as a matter of course and in addition to any other sentence which it may impose, the court shall order that the defendant make restitution or otherwise compensate such victim for any pecuniary damages. The defendant, the victim or victims, or their representatives or the administrator of any victim's estate as well as the district attorney shall have the right to be present and be heard upon the issue of restitution at any such hearings."
(Emphasis added.) This statute provides that a restitution hearing "shall" be held as a "matter of course." "The word `shall,' when used in a statute, is mandatory." Ex parte Nixon,729 So.2d 277, 278 (Ala. 1998).
 "`As used in statutes, contracts, or the like, this word is generally imperative or mandatory. In common or ordinary parlance, and in its ordinary significance, the term `shall' is a word of command, and one which has always [been given] or which must be given a compulsory meaning; as denoting obligation. The word in ordinary usage "must" and is inconsistent with a concept of discretion.'"
Ex parte Prudential Ins. Co. of America, 721 So.2d 1135, 1138
(Ala. 1998), quoting Black's Law Dictionary 1375 (6th ed. 1991). The term "matter of course" is defined in Black's LawDictionary 993 (7th ed. 1999), as "something done as a part of a routine process or procedure." These two terms as used in §15-18-67 support the construction *Page 853 
given that statute by the Alabama Supreme Court in Hill v.Bradford.
A trial court retains jurisdiction to hold a restitution hearing more than 30 days after the date of sentencing. Here, Judge Reese made the following entry on the case action summary sheet on August 21, 2003:
 "With defendant having no objection restitution ordered for Kendall Powell in amount of $45,263, restitution ordered for Kevin Friendly in amount of $1,000 with Court reserving jurisdiction to set additional restitution if there are additional medical bills. Further, the court orders restitution for Rufus Boone with jurisdiction reserved to set amount (he is scheduled for surgery next week.) District Attorney to submit restitution order [sic] when all amounts are ascertained."
On September 25, 2003, the State moved to amend the restitution order to assess restitution to the third victim, who had recently undergone surgery.[3] Clearly, Judge Reese's August 21, 2003, order was not final — it failed to address the matter of restitution for one of Redmon's three victims.[4] Because this ruling was not final, it was capable of being amended to make it complete, final, and thus reviewable by a higher court.[5] Moreover, as evidenced by the wording of §15-18-67, Ala. Code 1975, the award of restitution is mandatory. As this Court stated in Roberts v. State, 863 So.2d 1149, 1155
(Ala.Crim.App. 2002):
 "[W]e conclude that restitution is not a claim that belongs to the victim; it is an important measure that the circuit court is statutorily obligated to employ as part of criminal sentencing — a measure that has both salutary remedial and rehabilitative characteristics. Restitution is a part of the criminal sentence rather than merely a debt between the defendant and the victim."
Our holding here is consistent with the intent of the Legislature when it enacted the Restitution to Victims of Crimes Act. As stated in § 15-18-65, Ala. Code 1975, *Page 854 
the intent of the Legislature was to provide that all defendants "be required to fully compensate all victims of such [criminal] conduct or activity for any pecuniary loss, damage, or injury as a direct or indirect result thereof." Clearly, the Legislature intended to fully compensate all victims.
Before a writ of mandamus may issue, a petitioner must establish (1) a clear legal right in the petitioner to the relief sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the reviewing court. Ex parte Mardis, 628 So.2d 605, 606 (Ala. 1993). The State has met its burden.
Judge Reese erroneously held that he was without jurisdiction to amend the restitution order to address the matter of restitution for the third victim, which he had not addressed in his original restitution order.
For the foregoing reasons, this petition is due to be, and is hereby, granted.
PETITION GRANTED; WRIT ISSUED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] Although Redmon pleaded guilty to two counts of assault, he agreed to pay restitution to his three victims in exchange for being permitted to plead to the reduced charges.
[2] Redmon had shot the third victim in the abdomen. As a result of his injuries, part of the victim's intestines had been removed and a colostomy bag attached; it appears that he was scheduled to have the colostomy bag removed at the time that the restitution hearing was held.
[3] Medical expenses are considered pecuniary damages and are recoverable as part of restitution. Pecuniary damages are defined in § 15-18-66(2), Ala. Code 1975, as follows:
 "All special damages which a person shall recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities; the term shall include, but not be limited to the money or other equivalent of property taken, broken, destroyed, or otherwise used or harmed and losses such as travel, medical, dental or burial expenses and wages including but not limited to wages lost as a result of court appearances."
[4] However, we do not address the question whether a trial judge has the authority to award additional restitution for each victim after he has assessed restitution for all victims. Once a restitution hearing is held and a trial court has issued a restitution order it is uncertain whether that order can be modified more than 30 days after the original order was entered. "[I]t is . . . clear that the Legislature intended that restitution remain an integral part of traditional criminal sentencing." Roberts v. State, 863 So.2d 1149, 1153
(Ala.Crim.App. 2002). Well-established law holds that a trial court retains jurisdiction to modify a sentence for 30 days after the sentence is entered. See Jolly v. State, 689 So.2d 986
(Ala.Crim.App. 1996), and Rule 24.4, Ala.R.Crim.P., and Rule 59, Ala.R.Civ.P.
Whether a trial court can award more restitution after a victim has incurred additional medical expenses is not addressed by the "Restitution to Victims of Crimes" Act. At least one state has a statutory provision that specifically vests jurisdiction in a trial court "for purposes of imposing or modifying restitution until such time as the losses may be determined." Cal.Penal Code § 1202.46 (West. 1999).
[5] "An appeal will not lie from an order or judgment which is not final." Robinson v. Computer Servicenters, Inc.,360 So.2d 299, 302 (Ala. 1978).