MAIN, Judge.
 

 Shelby Myers Hurd pleaded guilty to one count of reckless endangerment, a violation of § 13A-6-24, Ala.Code 1975, and one count of misdemeanor driving under the influence, a violation of § 32-5A-191, Ala.Code 1975, all arising out of an automobile accident in which the passenger in his vehicle, Brandy Tingle, was injured. The trial court sentenced him to 12 months’ imprisonment in each case but split the sentence to time served with supervised probation for 12 months and ordered him to pay $20,000 in restitution. Hurd filed an “Objection to Restitution Order and Motion to Vacate,” which the trial court denied. This appeal followed.
 

 Hurd raises four issues on appeal from the restitution order: (1) Whether the trial court erred by awarding restitution in an amount that was not supported by the evidence and included claimed future expenditures that had not been incurred; (2) whether the trial court erred by not considering the statutory factors in determining the amount and manner of restitution and the method of payment; (3) whether the trial court erred by not rendering its restitution order on the record; and (4) whether the trial court erred by failing to state its findings, the underlying facts and circumstances thereof, and the manner and method of payment in its written restitution order.
 

 In reviewing these claims, we are mindful of the discretion vested in the trial court. “ ‘The particular amount of restitution is a matter which must of necessity be left almost totally to the discretion of the trial judge.’ ”
 
 Ex parte Stutts,
 
 897 So.2d 431, 433 (Ala.2004), quoting
 
 Clare v. State,
 
 456 So.2d 355, 356 (Ala.Crim.App.1983), aff'd, 456 So.2d 357 (Ala.1984). Absent a clear abuse of discretion, we will not overturn a trial court’s restitution award.
 
 Stutts,
 
 897 So.2d at 433. However, for this Court to properly review the trial court’s action for an abuse of discretion, the trial court must have complied with the statutory directives. Section 15-18-68, Ala.Code 1975, lists the following considerations for the sentencing judge in determining the manner, method, or amount of restitution to be ordered:
 

 “(1) The financial resources of the defendant and the victim and the burden that the manner or method of restitution will impose upon the victim or the defendant;
 

 “(2) The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court;
 

 “(3) The anticipated rehabilitative effect on the defendant regarding the manner of restitution or the method of payment;
 

 “(4) Any burden or hardship upon the victim as a direct or indirect result of the defendant’s criminal acts;
 

 “(5) The mental, physical and financial well being of the victim.”
 

 Rule 26.11(a), Ala.R.Crim.P., provides: “[T]he financial resources and obligations of the defendant and the burden that payment of restitution will impose should be considered in determining how much restitution is to be paid or collected, i.e., whether to be paid by installments and what length of time should be given for payment.” The trial court shall enter a
 
 *221
 
 written order of restitution
 
 “stating its findings and the underlying facts and circumstances thereof”
 
 as required by § 15-18-69, Ala.Code 1975 (emphasis added). That order shall indicate compliance with § 15-18-68, Ala. Code 1975, and Rule 26.11 and shall state the specific amount of restitution imposed and the manner or method of payment.
 
 See
 
 § 15-18-70, Ala.Code 1975.
 

 The trial court sentenced Hurd on September 3, 2009. In its sentencing order, the trial court indicated that the restitution issue would remain open for 30 days. On the State’s motion filed on October 15, 2009, the trial court conducted a restitution hearing on November 10, 2009.
 
 [1]
 
 At that hearing, the State presented testimony from Brandy Tingle and Tingle’s grandmother, Brenda Hill.
 

 Tingle testified that she experienced the following injuries as a result of the accident: broken left ankle, numerous broken ribs, fractured back and neck, multiple stitches in her face, a lacerated liver, and loss of all her teeth. Tingle also expressed some confusion as to her injuries and medical bills but indicated that her grandmother could provide information about the matter.
 

 Hill testified that the medical bills that her granddaughter had incurred as a result of injuries suffered in the accident totaled $14,431.85, as listed in “State’s Exhibit A.” The State offered “State’s Exhibit A” into evidence, which was admitted over defense counsel’s objection.
 
 [2]
 
 Hill testified to two additional medical bills received from CBSI in Tuscaloosa and North Alabama Neurological, in the amounts of $1,019.06 and $218.00, respectively. Hill testified that she had paid between $400 and $600 for prescription medications and other miscellaneous charges for Tingle and that those medications and other charges were to treat injuries sustained in the accident.
 

 On cross-examination, Hill testified that $2,108 and $1,750 were additional expenses incurred by Tingle from abdominal and pelvic CT scans conducted on December 13, 2008. She testified to expenses for CT scans and X-rays in the amounts of $420 and $3,420, respectively, incurred on June 4, 2009.
 
 [3]
 
 On redirect examination, Tingle testified that the cost to repair her teeth was between $8,000 and $9,000.
 

 Hurd testified that he was employed, earning $15 hourly. He also had suffered injuries from the accident. He had no medical insurance. He testified that the amount of restitution sought by the State would cause him financial hardship. Before the hearing concluded, the State informed the trial court that the hospital where Tingle was taken following the accident had “written off’ Tingle’s bill. The trial court adjourned the proceedings, stating that it would consider the bills and enter an order. On November 12, 2009,
 
 *222
 
 the trial court entered an order of restitution stating:'
 

 “This cause came before the court on state’s motion for restitution hearing. The court took testimony and received exhibits.
 

 “Defendant’s sentencing order is hereby AMENDED to include restitution to be paid to Brandy Tingle in the amount of twenty thousand dollars ($20,000.00).”
 

 (R. 48.) Hurd then filed an objection to the restitution order and a motion to vacate, which the trial court denied.
 

 The trial court has not entered a restitution order in compliance with § 15-18-68, Ala.Code 1975; § 15-18-69, Ala. Code 1975; § 15-18-70, Ala.Code 1975; and Rule 26.11, Ala.R.Crim.P.
 
 See also Culp v. State,
 
 710 So.2d 1357 (Ala.Crim.App.1996);
 
 Moore v. State,
 
 706 So.2d 265 (Ala.Crim.App.1996). Therefore, a remand is necessary for the trial court to supplement its restitution order before we address Hurd’s claims on appeal.
 

 Specifically, on remand, the trial court is directed to make specific findings regarding the following: 1) the underlying facts and circumstances that led the trial court to grant restitution; 2) the reasons supporting the ordered amount of restitution; 3) the manner and method of payment; and 4) the court’s consideration of Hurd’s financial ability to pay restitution. We pretermit discussion of the other issues raised by Hurd’s appeal until the restitution order is modified to comply with the statutory requirements.
 

 On remand, the trial court may conduct additional hearings if it determines that the evidence in the existing record is insufficient for it to amend its previous restitution order. The return to remand should include a transcript of any additional hearing and any exhibits offered in determining the amount of restitution. Pursuant to Rule 10(g), Ala.R.App.P., the record is to be supplemented to include the colloquy that occurred when Hurd pleaded guilty.
 

 The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this Court at the earliest possible time within 42 days of the release of this opinion.
 

 REMANDED WITH INSTRUCTIONS.
 

 WISE, P.J., and WELCH, WINDOM, and KELLUM, JJ., concur.
 

 [1]
 

 . Hurd appears to make a jurisdictional argument in his brief to this Court. We note that it is without merit.
 
 See Hill v. Bradford,
 
 565 So.2d 208, 210 (Ala.1990) (holding that trial court did not lose jurisdiction to enter restitution award 30 days after sentencing and that restitution order entered by trial court 15 months after sentencing was appropriate);
 
 see also State v. Redmon,
 
 885 So.2d 850, 853 (Ala.Crim.App.2004) (“[A] trial court retains jurisdiction to hold a restitution hearing more than 30 days after the date of sentencing.”).
 

 [2]
 

 . We note that "State’s Exhibit A” is not included in the record on appeal.
 

 [3]
 

 . Tingle learned she was pregnant around the time of the accident. The child was born prematurely on August 30, 2008. The accident occurred on February 2, 2008. Tingle continued to have abdominal problems, heart palpitations, and elevated liver enzymes in December 2008 and June 2009.